UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

Luis Enclada, et al.,

                         Plaintiffs,

                                        Index No.
                                        **1:13-cv-01926-PAC**

against-

SDNY 19 Mad Park, L.L.C. and
Antonio Magliulo,

                         Defendants.

---------------------------------------------------------------------x

## **DEFENDANT ANTONIO MAGLIULO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' REQUEST FOR MONEY DAMAGES**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT:                                      Page 1

ISSUES:                                                     Page 2

ARGUMENT:                                                   Page 3

I.      PLAINTIFFS ARE NOT ENTITLED TO CUMULATIVE, OR SIMULTANEOUS,
AWARDS FOR LIQUIDATED DAMAGES UNDER BOTH THE FLSA AND NYLL.
                                                            Page 3

II.     PLAINTIFFS' ARE NOT ENTITLED TO AN AWARD OF $5,000 PER INDIVIDUAL
DUE TO DEFENDANT'S FAILURE TO PROVIDE STATUTORY PAY NOTICES.
PLAINTIFFS' CLAIM IS SUBMITTED UNDER NYLL 195 WHICH DOES NOT PROVIDE
MONETARY RELIEF. NYLL SECTION 198 PROVIDES MONETARY RELIEF, BUT ONLY
UP TO $2500 PER INDIVIDUAL.
                                                            Page 7

III.    PLAINTIFFS ARE NOT ENTITLED TO LIQUIDATED DAMAGES UNDER THE
NYLL AND/OR THE FLSA EVEN WHERE THE MAÎTRE D AND ASSISTANT MAÎTRE D
WERE INCLUDED WITHIN THE TIP POOL.
                                                            Page 8
A.      NYLL Labor Law § 196-d
                                                            Page 8

B.      United Stated Department of Labor Field Operations Handbook
                                                            Page 12
C.      IRS- Internal Revenue Manual
                                                            Page 12
IV.     PLAINTIFFS ARE NOT ENTITLED TO BOTH (A) THE DIFFERENCE BETWEEN
THE FULL MINIMUM WAGE AND THE TIP CREDIT MINIMUM WAGE; AND (B) THE
REIMBURSEMENT OF THE MISAPPROPRIATED TIPS. (TIP CREDIT AND TIP
DISGORGEMENT DAMAGES FOR VIOLATIONS OF NYLL § 203(m) AND § 196-d). FOR
TIPPED EMPLOYEES, THE REMEDY IS NOT RECOVERY OF THE DIFFERENCE
BETWEEN THE REDUCED AND FULL MINIMUM WAGE, INSTEAD THE REMEDY IS
RECOVERY OF THE WAGES THE EMPLOYEE WAS ENTITLED TO IN THE FIRST
PLACE.
                                                            Page 14

A.      The Tip Credit
                                                            Page 14
B.      Tip Disgorgement
                                                            Page 15
V.      Conclusion

                                                            Page 18

## TABLE OF CASES

1. Barenboim et al. v. Starbucks Corporation, 549 Fed. Appx. 1; 2013 U.S. App. LEXIS 23370; 21 Wage & Hour Cas. 2d (BNA) 1033….. Pages 11, 12

2. Barenboim v. Starbucks, 995 N.E.2d, New York Court of Appeals 2013….. Pages 8, 9, 10, 11

3. Castellanos v. Deli Casagrande Corp., No. CV 11-245(JFB)(AKT), 2013 U.S. Dist. LEXIS 45858, 2013 WL 1207058, at *6 (E.D.N.Y. Mar. 7, 2013), adopted, 2013 U.S. Dist. LEXIS 41656, 2013 WL 1209311 (E.D.N.Y. Mar. 25, 2013) ……Page 5

4. Chun Jie Yin v. Kim, No. 07 CV 1236 (DLI)(JO), 2008 U.S. Dist. LEXIS 26064, 2008 WL 906736, at *7 (E.D.N.Y. Apr. 1, 2008 ……Page 6

5. Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253 at 290, S.D.N.Y. 2011. ……Page 14

6. Cumbie v. Woody Woo, Inc., 596 F.3d 577, 580 (9th Cir. 2010) ……Page 15

7. Dole v. Continental Cuisine, Inc.et al.; 751 F. Supp. 799, 803; 1990 U.S. Dist. LEXIS 18567; 116 Lab. Cas. (CCH) P35,408; 30 Wage & Hour Cas. (BNA) 163 (United States District Court for the Eastern District of Arkansas, Western Division, 1990) ……Page 9

8. Dominguez et al. v. Quigley's Irish Pub, Inc., et al., 790 F. Supp. 2d 803; 2011 U.S. Dist. LEXIS 55399 (United States District Court for the Northern District of Illinois, Eastern Division) ……Page 15

9. Dominguez et al. v. Quigley's Irish Pub, Inc., et al., 790 F. Supp. 2d 803; 2011 U.S. Dist. LEXIS 55399 ……Pages 15, 17

10. Fast v. Applebee's Intern., Inc. 638 F.3d 872, 2011 U.S. App. LEXIS 8178, 2011 WL 1496489, 2 (8th Cir.2011) ……Page 15

11. <u>Fruco Const. Co. v. McClelland</u>, 192 F.2d 241 (8th Cir. 1951). ......Page 9

12. <u>Goldin et al v Boce Group, L.C. et al.</u> 773 F. Supp. 2d 1376; 2011 U.S. Dist. LEXIS 33347, United States District Court for the Southern District of Florida, Miami Division (2011). ......Pages 15, 16, 17

13. <u>Gortat v. Capala Bros.</u>, 949 F.Supp.2d 374, 381, (E.D.N.Y. 2013) ......Pages 4, 5, 6

14. <u>Guadalupe v. Tri-State Emp't, Mgmt. & Consulting, Inc.</u>, No. 10-cv-3840 (NG)(CLP), 2013 U.S. Dist. LEXIS 122776, 2013 WL 4547242, at *14-15 (E.D.N.Y. Aug. 28, 2013); ......Page 5

15. <u>Gunawan v. Sake Sushi Rest</u>, 897 F.Supp.2d 76  (E.D.N.Y. 2012) ......Page 6

16. <u>Harris v. Garner</u>, 216 F.3d 970, 976 (7th Cir. 2000). ......Page 17

17. <u>Hernandez v. P.K.L. Corp.</u>, No. 12-CV-2276 (NG)(RML), 2013 U.S. Dist. LEXIS 130503, 2013 WL 5129815, at *1, *5-6 (E.D.N.Y. Sept. 12, 2013)  ......Page 5

18. <u>Hernandez v. Punto y Coma Corp.</u>, No. 10-CV-3149(NGG)(RML), 2013 U.S. Dist. LEXIS 129734, 2013 WL 4875074, at *1, *8 (E.D.N.Y. Sept. 11, 2013)  ......Page 5

19. <u>Honig v. Doe</u>, 484 U.S. 305, 325, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988) ......Page 17

20. <u>In re Tennyson</u>, 611 F.3d 873, 877 (11th Cir. 2010)  ......Page 16

21. <u>Janus v. Regalis Constr., Inc.</u>, No. 11-CV-5788 (ARR) (VVP), 2012 U.S. Dist. LEXIS 127008, 2012 WL 3878113, at *7 n.9 (E.D.N.Y. July 23, 2012), adopted, 2012 U.S. Dist. LEXIS 127003, 2012 WL 3877963 (E.D.N.Y Sept. 4, 2012) (Ross, J.). ......Page 5

22. <u>Jin v. Pacific Buffet House</u>, 2009 U.S. Dist. LEXIS 74901, 2009 WL 2601995, at *4 (E.D.N.Y. Aug. 24, 2009) ......Pages 7, 14

23. <u>Kilgore v. Outback Steakhouse of Florida, Inc.</u>, 160 F.3d 294, 298 (6th Cir. 1998). ......Page 15

24. Meghrig v. KFC Western, Inc., 516 U.S. 479, 487-488, 116 S. Ct. 1251, 134 L. Ed. 2d 121 (1996). ......Page 17

25. Milton Ruben Pacheco Peralta v. M & O Iron Works, Inc. et al; 2014 U.S. Dist. LEXIS 34592 (EDNY).  ......Pages 3, 4, 5, 6

26. Muldowney v. Mac Acquisition, LLC, Case No. 09-22489-CIV, 2010 U.S. Dist. LEXIS 11280, 2010 WL 520912 (S.D. Fla. Feb. 9, 2010) ......Page 16

27.  Paz, et al., v. Ignacio Piedra, et al., 2012 U.S. Dist. LEXIS 4034 (SDNY) ......Page 6

28. Perez v. Palermo Seafood, Inc., Case No. 07-21408-CIV, 2008 U.S. Dist. LEXIS 112252, 2008 WL 7505704 (S.D. Fla. May 8, 2008) ......Page 16

29. Ramirez, et al. v. H.J.S. Car Wash Inc., et al.,, 2013 U.S. Dist. LEXIS 51344(EDNY) ......Page 6

30. Reich v. S. New England Telcomms. Corp., 121 F.3d 58, 71 (2d Cir. 1997) ......Page 5

31. Shiu, et al. v. New Peking Taste Inc., et. al., 2013 U.S. Dist. LEXIS 185347 (EDNY) ......Page 6

32. Wicaksono v. XYZ 48 Corp., No. 10-cv-3635 (LAK) (JCF), 2011 U.S. Dist. LEXIS 55771, 2011 WL 2022644, (S.D.N.Y. May 2, 2011), adopted, 2011 U.S. Dist. LEXIS 55734, 2011 WL 2038973 (S.D.N.Y. May 24, 2011)) ......Page 4

33. Wirtz v. Pure Ice Company, 322 F.2d 259 (8th Cir. 1963) ......Page 9

## TABLE OF AUTHORITIES

1. Fair Labor Standards Act. Section 203(d); 29 U.S.C. § 203(d). ......Page 9

2. Fair Labor Standards Act. Section 203(m); 29 U.S.C. § 203(m). ......Pages 2, 14, 15, 16, 17, 18

3.  Fair Labor Standards Act. Section 216(b); 29 U.S.C. § 216(b). ......Pages 3, 15, 16

4.  Hospitality Industry Wage Order (the Wage Order), codified at 12 NYCRR part 146. ......Page 10

5.  Internal Revenue Service Manual, "Part 4. Examining Process, Chapter 23. Employment Tax, Section 7. Employment Tax on Tip Income. ......Page 12

6.  Treas. Reg. 31.6053–3 ......Page 13

7.  Treas. Reg. 31.6053-3(j)(10) ......Page 13

8.  NY Labor Law § 195 ......Pages 2, 7, 18

9.  NY Labor Law § 196-d,  ......Pages 1, 2, 8, 9, 10, 11, 12, 14, 18

10. NY Labor Law § 663(1).  ......Page 4

11. P175 Fact Sheet- NYS Department of Labor ......Page 8

12. The United States Department of Operations Handbook  ......Page 12

## DEFENDANT ANTONIO MAGLIULO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' REQUEST FOR MONEY DAMAGES

### PRELIMINARY STATEMENT:

On November 6th, Your Honor determined that the Defendant Antonio Magliulo violated both the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") by: (1) improperly forcing Plaintiffs to share their tips with tip ineligible individuals; (2) improperly paying Plaintiffs pursuant to a tip credit; (3) failing to pay Plaintiffs for all hours worked, including both regular and overtime hours; (4) failing to pay Plaintiffs the spread of hours premium when the length of their workday spanned more than ten hours; and (5) failing to provide them with the appropriate wage notices under the FLSA and the NYLL, including adequate notice of the tip credit.

Your Honor also determined that Defendant Magliulo was Plaintiffs' employer pursuant to the FLSA and the NYLL for the time that Plaintiffs worked at SD26 and San Domenico, and that he is liable for any unpaid wages owed to Plaintiffs for the time they worked at SD26 and San Domenico. Further, for the period prior to April 8, 2011, Defendant Magliulo's violations were determined to be willful in that Defendant "instituted a systematic policy of failing to pay workers for all the hours they worked and failed to provide the required wages and tip disclosures." For the period after April 8, 2011, the Court determined that Mr. Magliulo "violations were willful under the new definition because they were not made in good faith."

With respect to improperly forcing Plaintiffs to share their tips with tip ineligible individuals, Your Honor determined that while Stefano Lombardozzi ("Lombardozzi") was not a "Manager", he was the "Maître D" of SD26 and that in his role as Maître D', he was not eligible for the tips he received under the New York Labor Law, Section 196-d, since the

1

employee had "meaningful authority or control over subordinates."[1]   Therefore, Your Honor determined that even if "Mr. Magliulo and Mr. Fanning had ultimate authority over these actions, and even accepting Mr. Magliulo's contention that 90 percent of Mr. Lombardozzi's actions related to customer service, the remaining 10 percent constitutes "meaningful authority" under Starbucks. Therefore, the Court held that Mr. Lombardozzi, and by extension, his assistant, were precluded from participation in the Plaintiffs' tip pool."

    **ISSUES**:

1. Plaintiffs are not entitled to cumulative, or simultaneous, awards for liquidated damages under both the FLSA and NYLL.

2. Plaintiffs' are not entitled to an award of $5,000 per individual due to Defendant's failure to provide statutory pay notice. Plaintiffs' claim is submitted under NYLL 195 which does not provide monetary relief. NYLL Section 198 provides monetary relief, but only up to $2500 per individual.

3. Plaintiffs are not entitled to liquidated damages under the NYLL and/or the FLSA even though the Maître d and Assistant Maître d were included within the tip pool.

4. Plaintiffs are not entitled to both (a) the difference between the full minimum wage and the tip credit minimum wage; and (b) the reimbursement of the misappropriated tips. (Tip Credit and Tip Disgorgement Damages for Violations of § 203(m) and § 196-d). For tipped employees, the remedy is not recovery of the difference between the reduced and full minimum wage, instead the remedy is recovery of the wages the employee was entitled to in the first place.

---

[1] However, with respect to the questions which were going to be submitted to the jury, Your Honor determined that, with respect to "Plaintiffs' claims that at SD26 managers and assistant managers were not eligible to participate in the tip pool." This determination is contrary to Your Honor's finding that the "Maître D" and "Assistant Maître D" were not "Managers".

**ARGUMENT**:

At the outset, it should be noted that the Plaintiffs' damages submission is woefully inadequate. Plaintiffs provided a brief cover letter followed by two exhibits. The exhibits contain no supporting information or notes to demonstrate how such calculations were made. The categories of damages are not properly defined, nor did Plaintiffs provide any information given as to the process by which such numbers were ascertained. Further, even the categories of damages are confusing as they list both "disgorgement" and "tip credit" as concurrent despite the fact that the law is clear that such remedies are alternative.

As such, it is respectfully urged that the proposed calculations of damages cannot merely be adopted by the Court as Plaintiffs request. In fact, such proposed calculations contain significant issues of fact that are best suited for a damages hearing.

I. **PLAINTIFFS ARE NOT ENTITLED TO CUMULATIVE, OR SIMULTANEOUS, AWARDS FOR LIQUIDATED DAMAGES UNDER BOTH THE FLSA AND NYLL.**

Plaintiffs' summary of damages seeks a dual award for liquidated damages under both the New York State Labor Law and the Fair Labor Standards Act. Defendant respectfully maintains that Plaintiffs are not entitled to liquidated damages under both the FLSA and NYLL simultaneously.

Under the FLSA, an employer who violates the minimum wage and overtime compensation requirements is liable for "an additional equal amount as liquidated damages" unless the employer demonstrates to the Court that it acted in good faith and had reasonable grounds for believing that its actions were lawful. 29 U.S.C. §§ 216(b). Milton Ruben Pacheco Peralta v. M & O Iron Works, Inc. et al; 2014 U.S. Dist. LEXIS 34592 (EDNY).

3

The current version of the NYLL authorizes an award of liquidated damages to a prevailing plaintiff "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law . . . ." N.Y. Lab. Law § 663(1). For the time period June 26, 2006 through November 23, 2009, the NYLL authorized an award of liquidated damages "upon a finding that the employer's failure to pay the wage required . . . was willful[.]" See Gortat v. Capala Bros., 949 F.Supp.2d 374, 381, (E.D.N.Y. 2013)

For the time period prior to April 8, 2011 the liquidated damages under the NYLL are calculated at twenty-five percent of the unpaid wages due to a prevailing plaintiff. Milton Ruben Pacheco Peralta v. M & O Iron Works, Inc. et al; 2014 U.S. Dist. LEXIS 34592.

Effective as of April 9, 2011, liquidated damages under the NYLL raised from twenty-five percent to one hundred percent of unpaid wages owed to a prevailing plaintiff. See N.Y. Lab. Law § 663(1). The increased liquidated damages provision has been held not to apply retroactively. See Wicaksono v. XYZ 48 Corp., No. 10-cv-3635 (LAK) (JCF), 2011 U.S. Dist. LEXIS 55771, 2011 WL 2022644, (S.D.N.Y. May 2, 2011), adopted, 2011 U.S. Dist. LEXIS 55734, 2011 WL 2038973 (S.D.N.Y. May 24, 2011)) at *n.2 which found that "[t]here is no indication in the Act itself, nor in the Sponsor's Memorandum or any previous drafts of the Act, that it was intended to have retroactive effect."

While District courts within this Circuit are divided as to whether employees may obtain cumulative awards of liquidated damages under both the FLSA and the NYLL, the Court in Milton Ruben Pacheco Peralta v. M & O Iron Works, Inc. et al., 2014 U.S. Dist. LEXIS 34592 found that Plaintiffs may not obtain cumulative awards under the FLSA and NYLL liquidated damages provisions for the same violation based in large part upon the aforementioned amendments to the NYLL.

4

Some courts have awarded both types of damages for the same violations, reasoning that, because state case law characterizes the state liquidated damages as a "penalty," and federal case law characterizes FLSA liquidated damages as compensatory, the two awards serve different purposes. Hernandez v. P.K.L. Corp., No. 12-CV-2276 (NG)(RML), 2013 U.S. Dist. LEXIS 130503, 2013 WL 5129815, at *1, *5-6 (E.D.N.Y. Sept. 12, 2013) (adopting unopposed report and recommendation awarding cumulative liquidated damages); Hernandez v. Punto y Coma Corp., No. 10-CV-3149(NGG)(RML), 2013 U.S. Dist. LEXIS 129734, 2013 WL 4875074, at *1, *8 (E.D.N.Y. Sept. 11, 2013) (same); Castellanos v. Deli Casagrande Corp., No. CV 11-245(JFB)(AKT), 2013 U.S. Dist. LEXIS 45858, 2013 WL 1207058, at *6 (E.D.N.Y. Mar. 7, 2013), adopted, 2013 U.S. Dist. LEXIS 41656, 2013 WL 1209311 (E.D.N.Y. Mar. 25, 2013); see also Reich v. S. New England Telcomms. Corp., 121 F.3d 58, 71 (2d Cir. 1997) ("Liquidated damages under the FLSA are considered compensatory rather than punitive in nature.").

Other cases have found that distinction unpersuasive, in light of the similar predicates for an award of liquidated damages under each statute. See Gortat, 949 F.Supp.2d at 381 (Glasser, J., collecting cases) ("I find the distinction between compensatory and punitive for characterizing liquidated damages under the FLSA and NYLL as semantic, exalting form over substance, and also not persuasive."); see also Guadalupe v. Tri-State Emp't, Mgmt. & Consulting, Inc., No. 10-cv-3840 (NG)(CLP), 2013 U.S. Dist. LEXIS 122776, 2013 WL 4547242, at *14-15 (E.D.N.Y. Aug. 28, 2013); Janus v. Regalis Constr., Inc., No. 11-CV-5788 (ARR) (VVP), 2012 U.S. Dist. LEXIS 127008, 2012 WL 3878113, at *7 n.9 (E.D.N.Y. July 23, 2012), adopted, 2012 U.S. Dist. LEXIS 127003, 2012 WL 3877963 (E.D.N.Y Sept. 4, 2012) (Ross, J.).

The court in Milton Ruben Pacheco Peralta found the latter view more persuasive. The court reasoned that both forms of damages seek to deter wage-and-hour violations in a manner

calculated to compensate the party harmed. Chun Jie Yin v. Kim, No. 07 CV 1236 (DLI)(JO),

2008 U.S. Dist. LEXIS 26064, 2008 WL 906736, at *7 (E.D.N.Y. Apr. 1, 2008). The Court

concluded that there is no meaningful distinction between the two forms of damages.  Further at

FN 19 the court concluded that "since the NYLL was recently amended to provide for 100

percent liquidated damages, see supra note 18, '[t]o the extent that the federal and state statutes

now provide for essentially identical remedies with respect to liquidated damages, it is harder to

argue that they are designed to compensate a plaintiff for disparate harms' under the amended

state statute. Gunawan v. Sake Sushi Rest, 897 F.Supp.2d 76, at 91 n.11 (EDNY 2012): see Gortat,

949 F.Supp.2d at 381 n.3 (the recent amendments to the NYLL "bespeak an acknowledgment

that the compensatory/punitive dichotomy is a semantic one")." Milton Ruben Pacheco Peralta v.

M & O Iron Works, Inc. et al; 2014 U.S. Dist. LEXIS 34592.

     As such, the Milton Ruben Pacheco Peralta court recommended that FLSA liquidated

damages be awarded, as they were the greater of the two forms of available damages. See also,

Shiu, et al. v. New Peking Taste Inc., et. al., 2013 U.S. Dist. LEXIS 185347 (EDNY)("Because

this Court concludes that there is no meaningful distinction between the two forms of damages,

see id., it respectfully recommends that the District Court award the greater of the two where

both forms of damages are otherwise available for the same violation."); Ramirez, et al. v. H.J.S.

Car Wash Inc., et al.,, 2013 U.S. Dist. LEXIS 51344(EDNY)(" I continue to adhere to the view

that a cumulative recovery of liquidated damages under both statutes is unwarranted."); and Paz,

et al., v. Ignacio Piedra, et al., 2012 U.S. Dist. LEXIS 4034 (SDNY)("This Court concludes that

an employee is not entitled to recover liquidated damages under both statutes. Liquidated

damages under both statutes "compensate the exact same harm - namely, the harm caused by the

defendant's culpable state of mind." Yin, 2008 U.S. Dist. LEXIS 26064, 2008 WL 906736, at *7.

Moreover, "[r]egardless of the purpose, the award under the FLSA is four times the award under state law, and thus is more than sufficient to satisfy any punitive purpose the state law is intended to serve." Jin, 2009 U.S. Dist. LEXIS 74901, 2009 WL 2601995, at *9. Therefore, plaintiffs and the class members may not recover liquidated damages under the NYLL for violations committed by defendants for which they also received FLSA liquidated damages. Accordingly, they may not recover liquidated damages on their minimum wage and overtime claims.")

## II.   PLAINTIFFS' ARE NOT ENTITLED TO AN AWARD OF $5,000 PER INDIVIDUAL DUE TO DEFENDANT'S FAILURE TO PROVIDE STATUTORY PAY NOTICES. PLAINTIFFS' CLAIM IS SUBMITTED UNDER NYLL 195 WHICH DOES NOT PROVIDE MONETARY RELIEF. NYLL SECTION 198 PROVIDES MONETARY RELIEF, BUT ONLY UP TO $2500 PER INDIVIDUAL.

Plaintiffs' are seeking $5,000 under Labor Law § 195. However, Plaintiffs have failed to set forth a proper cause of action. NYLL Section 195 does not provide monetary relief. Despite such fact, Plaintiffs Exhibits specifically request $5,000.00 in penalties per individual pursuant to Section 195.

NYLL Section 195sets forth that each Employer:

"1. (a) [fig 1] provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee , at the time of hiring [fig 2] , and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and [fig 3]  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article [fig 4]"

Monetary relief on the basis of infractions of Section 195 is set forth in NYLL Section 198 which reads as follows:

"1-b. [Added, L 2010] If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work week that the violations occurred or continue to occur, but not

7

to exceed a total of two thousand five hundred dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

Such information is reiterated in the P175 Fact Sheet promulgated by the NYS

Department of Labor which reads "Employers that do not give notice may have to pay damages

of up to $50 per week, per employee, unless they paid employees all wages required by law.

(This stops at $2,500 per employee in civil lawsuits

filed by workers.) (Annexed as Exhibit "A" to the Declaration of Richard B. Ziskin is a copy of

P175 New York State Department of Labor Wage Theft Prevention Act Fact Sheet.)

### III. PLAINTIFFS ARE NOT ENTITLED TO LIQUIDATED DAMAGES UNDER THE NYLL AND/OR THE FLSA EVEN WHERE THE MAÎTRE D AND ASSISTANT MAÎTRE D WERE INCLUDED WITHIN THE TIP POOL.

### A. NYLL Labor Law § 196-d

NYLL Labor Law § 196-d provides in relevant part as follows: "No employer or his

agent or an officer or agent of any corporation, or any other person shall demand or accept,

directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a

gratuity or of any charge purported to be a gratuity for an employee. . . . **Nothing in this**

**subdivision shall be construed as affecting the . . . sharing of tips by a waiter with a busboy**

**or similar employee."**(Emphasis added.)

The decision in this matter found that the Maître D and Assistant Maître D were

ineligible to participate in the tip pool by virtue of the decision in Barenboim v. Starbucks. 995

N.E.2d, New York Court of Appeals 2013.   The Defendant respectfully maintains that the

Court's reliance upon Barenboim v. Starbucks, a matter dealing with a coffee shop/ fast food

type establishment, is not analogous to the present case as the Barenboim case does not focus on

the Maître D classification, whereas there is existing case law specific to Maître D employees.

The issue of whether a Maître D is properly included in a tip pool was decided our of circuit in Dole v. Continental Cuisine, Inc.et al.; 751 F. Supp. 799, 803; 1990 U.S. Dist. LEXIS 18567; 116 Lab. Cas. (CCH) P35,408; 30 Wage & Hour Cas. (BNA) 163 (United States District Court for the Eastern District of Arkansas, Western Division, 1990) which found that a tip pool that benefits a Maître D is permissible under the FLSA. In Dole, a case brought by Elizabeth Dole, as Secretary of Labor, the United States Secretary of Labor, the following finding was made:

> "The Court disagrees with the position taken by the Secretary at trial that any person who has any supervisory duties over other employees, no matter how minimal, becomes an "employer" within the meaning of the Fair Labor Standards Act. Section 203(d) defines an "employer", in relevant part, as "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." 29 U.S.C. § 203(d). The courts have looked to factors such as the control of hiring and firing of employees, control of the manner in which work is performed, and the fixing of employee wages in determining who is the "employer". See Wirtz v. Pure Ice Company, 322 F.2d 259 (8th Cir. 1963); Fruco Const. Co. v. McClelland, 192 F.2d 241 (8th Cir. 1951).

> The Court finds that, in light of the specific facts of this case, McGee is not an "employer" within the meaning of the Act. McGee does not hire and fire employees, control the methods of operation at Graffiti's, set hourly wages, or control the payroll. These responsibilities are performed by the manager of Graffiti's, Paul Bash. Since the Court finds that McGee is not an "employer" within the meaning of the Act, and he is the type of employee who customarily receives tips, he is permitted to participate in the tip pool arrangement. His participation in the tip pool does not affect Continental Cuisine's entitlement to a minimum wage tip credit. Accordingly, the Court holds that Continental Cuisine did not violate §§ 206(b) & 215(a)(2) of the Fair Labor Standards Act." Dole v. Continental Cuisine, Inc.et al.; 751 F. Supp. 799; 1990 U.S. Dist. LEXIS 18567: 116 Lab. Cas. (CCH) P35,408; 30 Wage & Hour Cas. (BNA) 163 (United States District Court for the Eastern District of Arkansas, Western Division, 1990).

Your honor found that in his role as Maître D, Lombardozzi was not eligible for the tips he received under the New York Labor Law, Section 196-d. The court in Barenboim was tasked with determining whether shift supervisors, assistant managers and managers of Starbucks could participate in a tip pool. Such positions constitute three of the four classifications of employees

9

who are employed in a Starbucks store. It is significant to note that Your Honor did not deem

the Maître D to be a manager. Further, at no time in the decision did the Court address the abject

differences between the operation of a coffee shop and that of a fine dining establishment.

The court in in <u>Barenboim v. Starbucks</u>, 995 N.E.2d, New York Court of Appeals 2013,

defined tip pooling as follows:

> "Footnote 3: The Wage Order defines tip sharing as 'the practice by which a directly
> tipped employee gives a portion of his or her tips to another service employee or food
> service worker who participated in providing service to customers and keeps the balance'
> (12 NYCRR 146-2.14 [a]). It describes tip pooling as 'the practice by which the tip
> earnings of directly tipped employees are intermingled in a common pool and then
> redistributed among directly and indirectly tipped employees' (12 NYCRR 146-2.14 [b]).
> "

<u>Barenboim</u> went on to state:

> "In January 2011, the DOL promulgated the Hospitality Industry Wage Order (the Wage
> Order), codified at 12 NYCRR part 146. As relevant to this case, the Wage Order
> clarified and unified the DOL's tip-splitting policies previously found in a patchwork of
> opinion letters and a set of written guidelines dating back to 1972. The Wage Order
> makes clear that an employee's ability to participate in a tip pool under the last sentence
> of Labor Law § 196-d **shall be based upon duties and not titles**" (12 NYCRR 146-2.14
> [e]). The Wage Order also codified the DOL's long-standing construction of section 196-
> d as limiting tip-pool eligibility to workers who "perform, or assist in performing,
> personal service to patrons at a level that is a principal and regular part of their duties and
> is not merely occasional or incidental" (id.). It is therefore evident that employer-
> mandated tip splitting should be limited to employees who, like waiters and busboys, **are**
> **ordinarily engaged in personal customer service**, a rule that comports with the
> "expectation[s] of the reasonable customer" <u>Barenboim v. Starbucks</u>, 995 N.E.2d, New
> York Court of Appeals 2013 (emphasis added)

<u>Barenboim</u> further states:

> "(T)he DOL has consistently and, in our view, reasonably, maintained that employees
> who regularly provide direct service to patrons **remain tip-pool eligible even if they**
> **exercise a limited degree of supervisory responsibility**. Both the 1972 guidelines and
> the Wage Order identify "captains" as employees who are able to participate in tip
> sharing under Labor Law § 196-d (see 12 NYCRR 146-2.14 [e] [8] ["captains who
> provide direct food service to customers"]). Manifestly, captains enjoy some supervisory
> authority over other waitstaff, yet such responsibility does not, by itself, render them
> sufficiently dissimilar to waiters and busboys so as to preclude their participation in tip
> pools. Consequently, we cannot agree with Barenboim's contention that even the slightest
> degree of supervisory responsibility automatically disqualifies an employee from sharing
> in tips under Labor Law § 196-d. (Emphasis Added)

<u>Barenboim</u> further found:

> "In sum, an employee **whose personal service to patrons is a principal or regular part of his or her duties may participate in an employer-mandated tip-allocation arrangement under Labor Law § 196-d, even if that employee possesses limited supervisory responsibilities**." <u>Barenboim v. Starbucks</u>, 995 N.E.2d, New York Court of Appeals 2013. (Emphasis Added)

Subsequently, in <u>Barenboim et al. v. Starbucks Corporation</u>, 549 Fed. Appx. 1; 2013 U.S. App. LEXIS 23370; 21 Wage & Hour Cas. 2d (BNA) 1033, the Court determined that shift supervisors, the only non-manager classification discussed in the underlying matter, may participate in tip pooling arrangements. <u>Barenboim et al. v. Starbucks Corporation</u>, 549 Fed. Appx. 1; 2013 U.S. App. LEXIS 23370; 21 Wage & Hour Cas. 2d (BNA) 1033 sets forth as follows:

> "In response to our certified questions, the Court of Appeals rejected Barenboim's argument that § 196-d bars any employee with "even the slightest degree of supervisory responsibility" from sharing tips. ., 2013 N.Y. Slip Op. 04754 at *6. Rather, the Court of Appeals concluded that, under § 196-d, **"employer-mandated tip splitting should be limited to employees who, like waiters and busboys, are ordinarily engaged in personal customer service, a rule that comports with the expectations of the reasonable customer."** Id. (alteration and internal quotation marks omitted). Thus, **"an employee whose personal service to patrons is a principal or regular part of his or her duties may participate in an employer-mandated tip allocation arrangement under Labor Law § 196-d, even if that employee possesses limited supervisory responsibilities."** 2013 N.Y. Slip Op. 04754<u>Barenboim et al. v. Starbucks Corporation</u>, 549 Fed. Appx. 1; 2013 U.S. App. LEXIS 23370; 21 Wage & Hour Cas. 2d (BNA) 1033. (Emphasis Added)

Further, the Second Circuit Court of Appeals determined that:

> "In this case, it is undisputed that Starbucks's shift supervisors spend a majority of their time performing the same duties as baristas, and are primarily responsible for serving food and beverages to customers. As their title indicates, **shift supervisors also have some supervisory responsibilities, such as assigning baristas to particular positions during their shifts, administering break periods, directing the flow of customers, and providing feedback to baristas about their performance. Further, shift supervisors are authorized to open and close stores, to change the cash register tills, and to deposit money in the bank. But the limited nature of these supervisory duties, considered together with the shift supervisors' "principal" responsibilities to provide "personal service to patrons," cannot admit a finding of the "meaningful or significant authority or control over subordinates" contemplated by § 196-d.** Id.

11

**Accordingly, we identify no genuine dispute of material fact as to whether *§ 196-d* permits shift supervisors to participate in Starbucks's tip pools. It does."** 2013 N.Y. Slip Op. 04754<u>Barenboim et al. v. Starbucks Corporation</u>, 549 Fed. Appx. 1; 2013 U.S. App. LEXIS 23370; 21 Wage & Hour Cas. 2d (BNA) 1033. (Emphasis Added)

Although Your Honor determined that the Maître D and Assistant Maître D are not permitted to participate in the tip pool, it is virtually impossible to show that such inclusion constituted "willful" conduct.

### B.   The United States Department of Labor Field Operations Handbook

The United States Department of Labor Field Operations Handbook sets forth as follows:

"Questions regarding eligibility of employees to share in tip pooling arrangements, and the percentage of tips that the eligible employees are required to contribute to a pool which cannot be answered on the basis of these guidelines should be submitted through channels to the AA/OPO for resolution.  In the case of host/ hostess, head waiters or seater/greeters and other employees not referred to above, facts should be developed showing the practices regarding their sharing of tips in the locality and type of establishment involved." (The United States Department of Labor Field Operations Handbook is annexed as Exhibit "B" to the Declaration of Richard B. Ziskin.)

In light of the language contained in the Field Operations Handbook, there is no support for a finding that inclusion of Maître Ds and Assistant Maître Ds can constitute willful behavior. The field manual is specifically ambiguous as to the classifications of such employees.  As such, given the significant dearth of case law on this issue, it is simply impossible to demonstrate that Defendant willfully violated the FLSA and/or the NYLL with respect to the tip pool.

### C.   IRS- Internal Revenue Manual

With respect to the Internal Revenue Service Manual, treatment of tax on tipped income is set forth in "Part 4. Examining Process, Chapter 23. Employment Tax, Section 7. Employment Tax on Tip Income. (The relevant section of the Internal Revenue Manual is annexed as Exhibit "C" to the Declaration of Richard B. Ziskin".)

With respect to Information return Reporting, Section 4.23.7.5 of the Manual provides that:

"Information reporting is a key component in IRS compliance programs. Information reporting also
    serves to further several key initiatives in the administration of federal income taxes, such as reducing
    burdens associated with tax return preparation."

A key information return for tip examinations is Form 8027, Employer's Annual

Information Return of Tip Income and Allocated Tips.

**Section 4.23.7.5.1 of the Manual provides that, Treas. Reg. 31.6053–3 requires**

**certain large food or beverage establishments to make an information return with respect**

**to tips.** (Emphasis added.) The employer is required to file a separate information return for each

calendar year in which the employer has employees. The information return will contain the

following:

  A. The employer's name, address, and employer identification number
  B. The establishment's name, address, and identification number
  C. The aggregate gross receipts (other than nonallocable receipts) of the establishment from the provision of food or beverages
  D. The aggregate charge receipts (charge receipts with charged tips)
  E. The aggregate of charged tips on those charge receipts
  F. The aggregate of tips reported to the employer by the tipped employees
  G. The aggregate amount the employer is required to report under IRC 6051 with respect to service charges of less than ten percent

Significantly, Section 4.23.7.5.1.5 of the Manual provides that:

**"A food or beverage employee is an employee who provides services in connection with the provision of food or beverages. Such employees include, but are not limited to;** waiters, waitresses, busboys, bartenders, hostesses, **maitre d's, dining room captains,** wine stewards, cooks, and kitchen help. **See Treas. Reg. 31.6053-3(j)(10).** Employees who are not food or beverage employees include managers, coat check staff, doormen, and parking attendants." (Emphasis Added.)

In light of the language contained in the Section 4.23.7.5.1.5 of the Internal Revenue

Manual as well as Treas. Reg. 31.6053-3(j)(10), there is little support for a finding that inclusion

13

of Maître Ds and Assistant Maître Ds can constitute willful behavior.

IV. **PLAINTIFFS ARE NOT ENTITLED TO BOTH (A) THE DIFFERENCE BETWEEN THE FULL MINIMUM WAGE AND THE TIP CREDIT MINIMUM WAGE; AND (B) THE REIMBURSEMENT OF THE MISAPPROPRIATED TIPS. (TIP CREDIT AND TIP DISGORGEMENT DAMAGES FOR VIOLATIONS OF NYLL § 203(m) AND § 196-d). FOR TIPPED EMPLOYEES, THE REMEDY IS NOT RECOVERY OF THE DIFFERENCE BETWEEN THE REDUCED AND FULL MINIMUM WAGE, INSTEAD THE REMEDY IS RECOVERY OF THE WAGES THE EMPLOYEE WAS ENTITLED TO IN THE FIRST PLACE.**

Plaintiffs' Pre-Trial Memorandum of Law sets forth that where an employer requires tipped employees who are paid pursuant to a tip credit to share their tips with non-service staff, the employer is liable to pay for both (a) the difference between the full minimum wage and the tip credit minimum wage, and (b) the reimbursement of the misappropriated tips. Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253 at 290, S.D.N.Y. 2011.

A. **The Tip Credit**

Through a practice known as taking a "tip credit," employers may pay tipped employees a cash wage equal to the applicable statutory rate for tipped employees, so long as the wages paid combined with the employees' tips add up to at least the minimum wage. 29 U.S.C. § 203(m). The effect of the tip credit is that the employer is allowed to credit a portion of an employee's tips towards its minimum wage obligation by using the tips to make up the difference between the lower tipped employee hourly wage rate and the standard minimum hourly wage rate that would otherwise be owed.

An employee who is paid partially through tips may be paid at a rate less than the minimum wage -- that is, at a rate equal to the minimum wage minus the "tip credit" -- so long as the employer "(1) inform[s] the employee of the 'tip credit' provision of the FLSA, and (2) permit[s] the employee to retain all of the tips the employee receives." Jin v. Pacific Buffet

House, 2009 U.S. Dist. LEXIS 74901, 2009 WL 2601995, at *4 (E.D.N.Y. Aug. 24, 2009); see

29 U.S.C. § 203(m). Dominguez et al. v. Quigley's Irish Pub, Inc., et al., 790 F. Supp. 2d 803;

2011 U.S. Dist. LEXIS 55399 (United States District Court for the Northern District of Illinois,

Eastern Division); Fast v. Applebee's Intern., Inc. 638 F.3d 872, 2011 U.S. App. LEXIS 8178,

2011 WL 1496489, 2 (8th Cir.2011); 29 U.S.C. § 203(t); Cumbie v. Woody Woo, Inc., 596 F.3d

577, 580 (9th Cir. 2010); and Kilgore v. Outback Steakhouse of Florida, Inc., 160 F.3d 294, 298

(6th Cir. 1998).

### B. Tip Disgorgement

In addition to the tip credit, Plaintiffs also seek tip disgorgement.  However, Plaintiffs

have provided no basis for such claim.  Tip disgorgement is the theory that an employee on the

basis of its alleged underpayments, is not entitled to the tip credit, and entire tip credit must be

disgorged. Goldin et al v Boce Group, L.C. et al. 773 F. Supp. 2d 1376; 2011 U.S. Dist. LEXIS

33347, United States District Court for the Southern District of Florida, Miami Division (2011).

Neither §216(b) nor any other section of the Act prescribes loss of an otherwise valid tip credit

as the consequence of or a remedy for a §206 or §207 violation. Dominguez et al. v. Quigley's

Irish Pub, Inc., et al., 790 F. Supp. 2d 803; 2011 U.S. Dist. LEXIS 55399

In Goldin et al v Boce Group, L.C. et al. 773 F. Supp. 2d 1376; 2011 U.S. Dist. LEXIS

33347, United States District Court for the Southern District of Florida, Miami Division (2011),

Plaintiff sought to recover the difference between the reduced minimum wage for tipped

employees and the full minimum wage for non-tipped employees, as if he were not a tipped

employee at all.  Plaintiff alleged that "the FLSA required, as a condition precedent, that the

specified reduced cash wage be paid for every hour worked and because that condition was not

met, the 'tip credit' allowed by the FLSA was unavailing." Goldin et al v Boce Group, L.C. et al.

773 F. Supp. 2d 1376; 2011 U.S. Dist. LEXIS 33347.

The Goldin court found:

There is no basis in the FLSA for the relief Plaintiff seeks. The FLSA clearly lays out the prerequisites an employer must meet in order to claim the tip credit. There are only two: (1) the employer must inform the employee that the employee will be paid the reduced minimum wage; and (2) all tips received by the employee must be retained by the employee. 29 U.S.C. § 203(m). There is no "condition precedent" that the reduced cash wage be paid for every hour worked before an employer is entitled to claim the statutorily-mandated tip credit. Congress could, and did, write into the FLSA express conditions precedent to the application of the tip credit. The Court declines to read a condition precedent into the statute where Congress did not create one. In re Tennyson, 611 F.3d 873, 877 (11th Cir. 2010) (stating that where statute is "clear, unambiguous, and does not result in any absurd consequences," the Court "will not . . . read into the text of the statute an unstated purpose.").

The Goldin court went on to state:

"In addition, the FLSA very clearly lays out the remedies available to employees who are subject to FLSA violations by employers. Successful FLSA plaintiffs are entitled to recover "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Congress wrote specific remedies into the statute. Congress did not choose to include as a remedy disgorgement of the tip credit where the plaintiff is a tipped employee. The Court will not write this additional remedy into the statute where Congress did not see fit to do so. See In re Tennyson, 611 F.3d at 877."

In Perez v. Palermo Seafood, Inc., Case No. 07-21408-CIV, 2008 U.S. Dist. LEXIS

112252, 2008 WL 7505704 (S.D. Fla. May 8, 2008) at *2, the court found similarly:

"The cases that have disallowed the tip credit have done so because the employer failed to comply with one, or both, of the following requirements: (1) the employee receive proper notice of the tip credit and (2) that the employee is not required to share his or her tips with non-tipped employees."

In Muldowney v. Mac Acquisition, LLC, Case No. 09-22489-CIV, 2010 U.S. Dist.

LEXIS 11280, 2010 WL 520912 (S.D. Fla. Feb. 9, 2010) at *1, the Court also found:

"Section 203(m) merely prescribes the method for calculating a tipped employee's wages and sets forth two explicit requirements that must be met for an employer to claim the tip credit, both of which are satisfied in this case. The statute says nothing about unpaid wages due to off-the-clock hours. Further, by rejecting Plaintiff's interpretation, she is not

16

left without a remedy: she can seek unpaid wages for her alleged off-the-clock hours under state law or other sections of the FLSA. Therefore, the Court finds that Defendants are entitled to the tip credit for hours where Plaintiff was paid the specified reduced cash wage."

Goldin clearly sets forth:

With the exception of overtime pay, nothing in the statute suggests that an employee who was paid the required minimum wage is entitled to any further compensation for those hours. As noted above, all employees who are not paid for every hour worked have a remedy. **However, for tipped employees that remedy is not recovery of the difference between the reduced and full minimum wage. Instead, the remedy is recovery of the wages the employee was entitled to in the first place. Those wages are payable at the reduced minimum wage rate provided for in section 203(m) of the FLSA.** Goldin et al v Boce Group, L.C. et al. 773 F. Supp. 2d 1376; 2011 U.S. Dist. LEXIS 33347. (Emphasis Added.)

Dominguez et al. v. Quigley's Irish Pub, Inc., et al., 790 F. Supp. 2d 803;

2011 U.S. Dist. LEXIS 55399 found:

"The plaintiffs' contention that such a violation results of its own force in what is effectively a forfeiture of the tip credit cannot be given credence unless we are to ignore basic principles of statutory construction. "[W]here Congress has provided 'elaborate enforcement provisions' for remedying the violation of a federal statute.'it cannot be assumed that Congress intended to authorize by implication additional judicial remedies for private citizens suing under the statute.' '[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.'" Meghrig v. KFC Western, Inc., 516 U.S. 479, 487-488, 116 S. Ct. 1251, 134 L. Ed. 2d 121 (1996).

Dominguez further states that "Judges do not have the power to engraft onto

statutes provisions, conditions, or limitations that Congress chose not to create."

Honig v. Doe, 484 U.S. 305, 325, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988);

Dominguez et al. v. Quigley's Irish Pub, Inc., et al., 790 F. Supp. 2d 803; 2011 U.S.

Dist. LEXIS 55399; Harris v. Garner, 216 F.3d 970, 976 (7th Cir. 2000).

For the reasons set forth above, Plaintiffs have not set forth sufficient evidence to prove

that tip disgorgement is an inappropriate remedy.  As such, their request for such tip

disgorgement damages should be denied.  In the alternative, it is urged that a damages hearing should be held to determine the merits of such claim.

## V.   Conclusion

For the foregoing reasons, it is respectfully urged that as Plaintiffs have failed to set forth a basis for their proposed damages.  As set forth more fully above, Defendant asserts that:

1. Plaintiffs are not entitled to cumulative, or simultaneous, awards for liquidated damages under both the FLSA and NYLL.

2. Plaintiffs' are not entitled to an award of $5,000 per individual due to Defendant's failure to provide statutory pay notice. Plaintiffs' claim is submitted under NYLL 195 which does not provide monetary relief. NYLL Section 198 provides monetary relief, but only up to $2500 per individual.

3. Plaintiffs are not entitled to liquidated damages under the NYLL and/or the FLSA even though the Maître d and Assistant Maître d were included within the tip pool.

4. Plaintiffs are not entitled to both (a) the difference between the full minimum wage and the tip credit minimum wage; and (b) the reimbursement of the misappropriated tips. (Tip Credit and Tip Disgorgement Damages for Violations of NYLL § 203(m) and § 196-d). For tipped employees, the remedy is not recovery of the difference between the reduced and full minimum wage, instead the remedy is recovery of the wages the employee was entitled to in the first place.

Dated:      November 26, 2014
              Commack, New York

                    The Ziskin Law Firm, LLP

By:          _____
                    Richard B. Ziskin, Esq.
                    Suzanne Harmon Ziskin, Esq.
                    Attorneys for Defendant
                    Antonio Magliulo
                    Office and P.O. Address:
                    6268 Jericho Turnpike, Suite 12A
                    Commack, NY 11725
                    (631) 462-1417

19