# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | The Woolworth Building |
| D. Maimon Kirschenbaum | 233 Broadway, 5th Floor |
| Douglas Weiner | New York, NY 10279 |
| Matthew Kadushin | Phone 212) 688-5640 |
| Denise Schulman | Fax (212) 688-2548 |
| Josef Nussbaum | www.jk-llp.com |

December 3, 2014

**VIA ECF AND REGULAR MAIL**

Honorable Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11-D
New York, NY 10007-1312

*Re:*     *Encalada, et al v. Magliulo,* **13 Civ. 1926 (PAC)**

Dear Judge Crotty,

We represent Plaintiffs in the above-captioned matter.  We write, pursuant to the Court's Order dated November 17, 2014, to reply to Defendant's opposition to Plaintiffs' proposed post-trial damages calculations, which were submitted to the Court on November 12, 2014.

On November 6, 2014, after a three day bench trial, Your Honor rendered a decision finding Defendant liable for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").   After reading the Court's decision, Your Honor directed Plaintiffs to "prepare a schedule tabulating the pay and the amount of money that is due and owing pursuant to the findings of fact and the conclusions of law" made at the bench trial. (Attached hereto as "Exhibit A" is a copy of the transcript of the Court's Decision and Order.)   In their submission, Plaintiffs followed these instructions and submitted calculations based on the Court's conclusions at trial.

In Defendant's response to Plaintiffs' calculations, Defendant does not dispute any of the dollar figures, underlying data and/or methods used by Plaintiffs in their calculations.  Instead,

1

despite the Court's unambiguous findings of fact and conclusions of law, Defendant now attempts to re-open and re-litigate factual and legal issues that this Court has already decided. Specifically, Defendant raises legal issues that should have been raised at the appropriate time, *i.e.*, prior to or as part of the parties' pretrial submissions, which were adopted by the Court without any objections from Defendant. *See. e.g., Hettinger v. Kleinman*, 733 F. Supp. 2d 421, 443 (S.D.N.Y. 2010) ("[i]t is an established procedural principle that a party's failure to include a legal theory or defense in the pre-trial order results in its subsequent abandonment or waiver") (citations omitted) (Crotty J.).  Moreover, all the arguments Defendants raise are, in any event, without merit.  Accordingly, Defendant's attempts to re-litigate this case should be rejected and Plaintiffs' proposed calculations should be adopted by the Court in their entirety.

### (1) Plaintiffs Are Entitled To Liquidated Damages Under Both The Federal and State law

In paragraph 103 of Plaintiffs' Legal Contentions in the parties Joint Pretrial Order, Plaintiffs set forth that:

> (103)   "A prevailing plaintiff who can justify both federal liquidated damages and state-law damages should be eligible to recover both." *Ke v. Saigon Grill, Inc.,* 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008) (citations omitted) (quotations omitted); *see also Ayres,* 12 F. Supp. 2d 309 (awarding liquidated damages under the FLSA and NYLL).

In his pretrial submissions, Defendants never countered this submission.  Thus any new arguments they raise now, after the conclusion of trial, should be rejected. *See, e.g., Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc*., No. 01 Civ. 3796 (PKL), 2005 U.S. Dist. LEXIS 7902, *19 (S.D.N.Y. May 2, 2005) ("[t]hat which is not alleged in the Pre-Trial Order is generally deemed waived.")

In any event, the majority approach of District Courts in this Circuit is that plaintiffs may recover liquidated damages under both the FLSA and the NYLL. *See, e.g., Yu Yee Ho v. Sim*

*Enterps., Inc*., No. 11 Civ. 2855 (PKC), 2014 U.S. Dist. LEXIS 66408, *48 (S.D.N.Y. May 14, 2014) (collecting cases and finding that "[a] majority of courts have held that plaintiffs may recover under both FLSA and NYLL, because the liquidated damages provisions serve fundamentally different purposes"); *Jaramillo v. Banana King Rest. Corp*., 12 CV 5649 (NGG)(RML), 2014 U.S. Dist. LEXIS 91261, **13-14 (E.D.N.Y. June 4, 2014) (collecting cases). Ostensibly, this is because the Supreme Court has specified that liquidated damages under FLSA are compensatory, *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942), but the Second Circuit has held that liquidated damages under the NYLL are punitive, *Reilly v. NatwestMarkets Grp., Inc*., 181 F.3d 253, 265 (2d Cir. 1999) (citing *Carter v. Frito-Lay, Inc*., 74 A.D.2d 550, 425 N.Y.S.2d 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 419 N.E.2d 1079, 438 N.Y.S.2d 80 (1981)). Therefore, the two types of liquidated damages are "not functional equivalents," and Plaintiffs may recover both. *Reilly*, 181 F.3d at 265 (holding the two types of damages are "not functional equivalents"). Accordingly, Defendants' arguments should be rejected and the Court should award liquidated damages under both the FLSA and NYLL.

### (2) Each Plaintiff is Entitled to an award of $5,000 for Defendant's violations of NYLL § 195

In his opposition, Defendant either ignores or misstates the effects of his violations of *both* § 195(1) and § 195(3) of the NYLL since, as set forth in NYLL § 198, violations of these provisions are subject to independent penalties for each violation. Specifically, Section 198(1-b) provides: "If any employee is not provided within ten business days of his ... first day of employment a notice as required by [§ 195(1)], he ... may recover ... [$50] for each work week that the violations occurred or continue to occur, but not to exceed a total of [$2,500], together with costs and reasonable attorney's fees." NYLL § 198(1-b). With respect to violations of

§195(3), § 198 (1-d) provides: "If any employee is not provided a statement or statements as required by [§ 195(3)], he ... shall recover ... damages of [$100] for each work week that the violations occurred or continue to occur, but not to exceed a total of [$2,500], together with costs and reasonable attorney's fees."  NYLL § 198(1-d).

Accordingly, since Defendant violated both § 195(1) and § 195(3) of the NYLL, and all Plaintiffs were employed by Defendant for more than 50 weeks, each Plaintiff is owed $2,500 for *each* violation of § 195 totaling $5,000 per Plaintiff. *See, e.g., Liang Huo v. Go Sushi Go 9th Ave.*, No. 13 Civ. 6573 (KBF), 2014 U.S. Dist. LEXIS 51621, *16 (S.D.N.Y. Apr. 10, 2014) ("[T]he Court finds that plaintiff […] is entitled to $1,300 ($50 x 26 weeks) for the violation of Section 195(1) and $2,500 (which is the highest recovery possible) for the violation of Section 195(3)"); *Gonsalez v. Marin*, No. 12 Civ. 1157 (ENV)(RML), 2014 U.S. Dist. LEXIS 77421, **23-26 (E.D.N.Y. Apr. 25, 2014) *report and recommendation adopted,* 2014 U.S. Dist. LEXIS 77410 (E.D.N.Y., June 4, 2014) (finding plaintiff entitled to separate penalties, of a statutory maximum of $2,500, for violations of NYLL § 195(1) and § 195(3)).

### (3) Plaintiffs Are Entitled to Liquidated Damages for Defendant's Violation of NYLL § 196-d

Defendant's arguments against awarding Plaintiffs' liquidated damages for Defendant's violation of NYLL § 196-d for including managers in the restaurant's tip pool once again simply ignores the Court's findings of fact and conclusions of law issued.  Specifically, the parties' jury instructions and verdict – adopted by the Court and which formed the basis upon which the Court unambiguously found Plaintiffs to be entitled to liquidated damages – applies the award of liquidated damages equally to all violations of the NYLL.

The Court also unambiguously found that Defendant's violation of § 196-d was willful. Specifically, the Court stated:

4

> employees were not paid for all hours worked; they were not paid the spread of hours; they were not given adequate notice of the tip credit; and the managers and assistant *managers were not eligible to participate in the tip pool.   These violations of the law were willful.*

(emphasis added) (Exhibit A at pp. 14-15.)   In any event, the law in this Circuit is clear that Plaintiffs are entitled to liquidated damages for violations of § 196-d. *See, e.g., Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 92 (E.D.N.Y. 2012) (awarding liquidated damages for a violations § 196-d); *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) ("Accordingly, plaintiffs are entitled to the applicable liquidated damages for wilfully violating N.Y. Labor Law § 196-d").  Accordingly, given the Court's unambiguous statement on this matter, that Defendant's violation of § 196-d was willful, Plaintiffs should be awarded liquidated damages for this violation.

### (4) Plaintiff Are Entitled to Both Tip Credit Damages and the Reimbursement of Misappropriated Tips

Defendant's arguments against Plaintiffs being awarded both (1) the difference between the tip credit minimum wage and the full minimum wage, and (2) the disgorgement of the tips Plaintiffs were forced to share with managers, once again ignores this Court's findings of fact and conclusions of law, since this Court has already found that Plaintiffs are entitled to both of these awards. (*See* Exhibit A at p. 13.)

Generally speaking, Plaintiffs claimed that Defendant was not entitled to apply a tip credit for two reasons: (1) pursuant to 29 U.S.C. § 203(m), Defendant was not permitted to apply a tip credit because he required employees to share tips with tip ineligible employees and/or because he failed to make the required disclosures regarding the tip credit; and (2) under the NYLL, Defendant was not entitled to apply a tip credit, *irrespective of any tip sharing violations*

*under NYLL § 196-d*, because he did not meet the NYLL's requirements relating to the disclosures that employers must make in order to apply a tip credit. N.Y. Comp. Codes R. & Regs., tit. 12, §§ 137-2.2 (repealed); 12, § 146-1.3. The Court found Plaintiffs' arguments to be meritorious on all of these grounds. (Exhibit A at pp. 8, 13.)

In his opposition, Defendant ignores the fact that the Court already found that Plaintiffs are entitled to tip credit damages under the NYLL since Defendant failed to make the requisite disclosures.  This invalidation of the tip credit exists independently of any tip sharing violation and has no bearing on any damages awarded by the Court pursuant to NYLL § 196-d.  Given the fact that the Court found Defendants liable for the tip credit irrespective of any tip violations there is no dispute that Plaintiffs are entitled to damages for both violations of the tip credit and violations of § 196-d.

In any event, even if Plaintiffs' had only been seeking tip credit damages for a violation of 29 U.S.C § 203(m), contrary to Defendant's unfounded assertions, the law in this Circuit is clear: where an employer violates both § 203(m) and NYLL § 196-d, the employer is liable to pay for both (a) the difference between the full minimum wage and the tip credit minimum wage, and (b) the reimbursement of the misappropriated tips. *E.g., Paguay v. Buona Fortuna, Inc*., No. 11 Civ. 6266 (LTS), 2013 U.S. Dist. LEXIS 107561 (S.D.N.Y. July 31, 2013) ("This Court likewise finds that Defendants are not entitled to the tip credit and so were required to pay Plaintiff the statutorily mandated minimum hourly wage. Additionally, because Defendants' tip sharing practices were per se illegal under N.Y. Lab. Law. § 196-d insofar as Kola and Cantini shared in the distribution, the Court grants summary judgment to Plaintiff as to Count Six of the Amended Complaint."); *Copantitla*, 788 F. Supp. 2d 253 at 290 (awarding both tip credit damages and tip disgorgement for a violation of § 196-d); *Chan v. Sung Yue Tung Corp*., 03 Civ.

6048 (GEL), 2007 U.S. Dist. LEXIS 7770, at *69-70 (S.D.N.Y. 2007) (Lynch, J.) (same); *Wicaksono*, 2011 U.S. Dist. LEXIS 55771, at *15-16; *Gunawan v. Sake Sushi Rest*., 897 F. Supp. 2d 76, 89 (E.D.N.Y. 2012) (awarding ordinary, non-tip credit damages for unpaid wages, in addition to tip disgorgement damages, on account of a violation of § 196-d); *Lanzetta v. Florio's Enters*., 763 F. Supp. 2d 615, 624-626 (S.D.N.Y. 2011) (Chin, J.) (same).   Accordingly, Defendant's opposition should be rejected and Plaintiffs should be awarded both the tip credit damages as well as the disgorgement of the tips they were forced to share with managers.

### (5) Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a judgment in the amount of $900,621.05, pursuant to Plaintiffs' November 12, 2014 submissions, representing a total of the amounts of $174,489.38 and $726,131.67 for the time that Plaintiffs worked at San Domenico and SD26, respectively.   Plaintiffs also respectfully request that at the same time that the Court issues an Order entering its final judgment the Court also set forth a briefing schedule for Plaintiffs' counsels' motion for attorneys' fees.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

  s/Josef Nussbaum/
Josef Nussbaum
Matthew Kadushin
Maimon Kirschenbaum

cc: Richard Ziskin, Esq.      (via e-mail)